FILED Rec'd 7/1/13
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 27 2013 ★

BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

DAVID M. LEACH,

       Plaintiff,

 -against-

HERTZ CORPORATION,

       Defendant.

------------------------------------------------------------------- X

12-CV-4681 (ARR)(VVP)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

MEMORANDUM AND
ORDER

ROSS, United States District Judge:

  Plaintiff David M. Leach ("plaintiff") filed this action in the Civil Court of the City of New York, County of Kings, alleging the substance of his complaint as follows: "Failure to pay . . . wages for $25,000.00 with interest from 05/10/2012." Dkt. #1, at 6. Defendant Hertz Corporation ("defendant" or "Hertz") removed the case to federal court based upon federal question jurisdiction. Id. at 2. Defendant argued that plaintiff's employment with Hertz was governed by a collective bargaining agreement between Hertz and the International Association of Machinists & Aerospace Workers Local 447. Id. at 3. Consequently, defendant argues, plaintiff's state court complaint is preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Id. at 2. Defendant now moves for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), or, alternatively, for summary judgment. Dkt. #19.

  Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). Despite the

1

permissive tenor of the statute, the Supreme Court has held that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization. Any such suit is purely a creature of federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 23 (1983) (internal quotation marks omitted). The Court has clarified, however, that "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights independent of that agreement, including state-law . . . rights." Caterpillar Inc. v. Williams, 482 U.S. 386, 396 (1987). Thus, § 301 preempts state law claims only when "resolution of [the] state-law claim is substantially dependent upon analysis of the terms of" the collective bargaining agreement. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985). A state law claim is not preempted, however, "if its application require[s] mere referral to the CBA for 'information such as rate of pay and other economic benefits that might be helpful in determining the damages to which a worker prevailing in a state-law suit is entitled.'" Vera v. Saks & Co., 335 F.3d 109, 115 (2d Cir. 2003) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 n.12 (1988)).

The court cannot determine from plaintiff's one-sentence complaint whether analysis of the terms of the collective bargaining agreement is necessary for resolving plaintiff's claim. Plaintiff's claim for "wages" could conceivably require only reference to, and not interpretation of, the collective bargaining agreement. Therefore, it is unclear from the complaint whether the LMRA would preempt plaintiff's claim.

For a suit to arise under federal law, so as to confer removal jurisdiction on the federal court, it must appear on the face of the complaint that resolution of the case depends upon the federal question. Fax Telecomunicaciones Inc. v. AT&T, 138 F.3d 479, 486 (2d Cir. 1998);

2

accord Caterpillar Inc., 482 U.S. at 392. Moreover, in light of "the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted); see also Pan Atl. Grp. Inc. v. Republic Ins. Co., 878 F. Supp. 630, 637 (S.D.N.Y. 1995) ("The burden of establishing that a case is within the federal court's removal jurisdiction is on the removing defendant."). Because plaintiff's complaint does not make clear whether resolution of his claim depends on interpretation of the collective bargaining agreement such that the LMRA would preempt any state law claim, defendant has failed to establish that the complaint raises a federal question that would confer subject matter jurisdiction on this court.

Where subject matter jurisdiction is lacking, the court must remand to the state court. See 28 U.S.C. 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added). Although plaintiff here did not move for a remand, the court is obligated to determine on its own that subject matter jurisdiction exists, and to remand where jurisdiction is lacking. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 295 (2d Cir. 2000) (where neither party raised issue of proper removal, court was under its own obligation to consider whether federal court had jurisdiction). Having determined that the complaint does not clearly raise a federal question, the court accordingly must remand the case to the state court. See Noel v. J.P. Morgan Chase Bank N.A.,

3

No. 12-CV-4439 (NG)(JMA), 2013 WL 245717, at *2 (E.D.N.Y. Jan. 11, 2013).[1] Should plaintiff wish instead to pursue his claims in federal court, he may file a new complaint in this court that provides facts to establish federal jurisdiction.

## CONCLUSION

For the foregoing reasons, the court remands this action to the state court pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is directed to mail a certified copy of this order to the Clerk of the Civil Court of the City of New York, County of Kings, and return all files to that court.

SO ORDERED.

/S/ Judge Allyne R. Ross
_____
Allyne R. Ross
United States District Judge

Dated: June 27, 2013
Brooklyn, New York

---

[1] 28 U.S.C. § 1447(c) also permits the court to require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Since plaintiff is pro se and has not responded to defendant's notice of removal or subsequent motions, the court declines to order any repayment.

**Service List:**

David M. Leach
335 East 59th St.
Brooklyn, NY 11203